# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| CINDY STIERL, | ) | CASE NO. 4: 06 CV 1751 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| RYAN ALTERNATIVE STAFFING, | ) | MEMORANDUM OPINION |
| INC., et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

This matter comes before the Court upon cross-motions for summary judgment. In particular, currently pending before the Court is a Motion for Summary Judgment filed by Defendant Moore Wallace North America, Inc. ("Moore Wallace") (ECF # 23) and a cross-Motion for Partial Summary Judgment filed by Plaintiff Cindy Stierl (ECF # 25).

## I. BACKGROUND

In June 2006, Plaintiff filed a two-count Complaint against Defendants Ryan Alternative Staffing, Inc. ("RAS") and Moore Wallace in the Court of Common Pleas for Trumbull County, Ohio. (ECF # 1.) In Count I of the Complaint, Plaintiff alleges that Defendants actions violated her rights under the Family and Medical Leave Act ("FMLA"). More specifically, Plaintiff asserts that RAS, a staffing service that helps people find employment in the industrial and clerical fields, placed her into a position as a packer with Moore Wallace. (*Id*., Compl. at ¶ 7.) Plaintiff alleges that, after she recovered from a back injury that prevented her from performing the essential functions of her position, RAS and Moore Wallace failed to reinstate her to the packer position or to an equivalent position as required by the FMLA. (*Id*., Compl. at ¶ 12.) Plaintiff further contends that RAS unlawfully required

her to work in one of its offices while injured, in lieu of providing her with medical leave to recover. (*Id*., Compl. at ¶ 10.)  In Count II of the Complaint, Plaintiff attempts to set forth a wrongful termination claim in violation of Ohio public policy.  (*Id*., Compl. at ¶¶ 15-18.)  Although the Complaint does not make clear which Defendant is the subject of Count II, Plaintiff has stipulated that Count II is being asserted only against RAS, and not against Moore Wallace.  (ECF # 23, Joint Stip. of Fact at ¶ 18.) Defendants filed a Joint Notice of Removal in July 2006, removing the case to this Court pursuant to its federal question jurisdiction.  (ECF # 1 at ¶ 4.)

On March 1, 2007, Moore Wallace filed the instant Motion for Summary Judgment.  (ECF # 23.)  On March 23, 2007, Plaintiff filed a Brief in Opposition to Plaintiff's Motion, in addition to filing a cross-Motion for Partial Summary Judgment against Moore Wallace only.  (ECF # 25.)  Thereafter, on April 18, 2007, Moore Wallace filed a Reply Memorandum in Support of its Motion, and an Opposition to Plaintiff's Motion for Partial Summary Judgment.  (ECF # 29.)

## II. STANDARD OF REVIEW

Summary judgment is appropriate when the court is satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c).  The burden of showing the absence of any such "genuine issue" rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (citing FED. R. CIV. P. 56(c)).  A fact is

"material" only if its resolution will affect the outcome of the lawsuit.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Determination of whether a factual issue is "genuine" requires consideration of the applicable evidentiary standards.  The court will view the summary judgment motion in the light most favorable to the party opposing the motion.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of their case.  *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. at 322).  Accordingly, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."  *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995) (citing *Anderson*, 477 U.S. at 252).  Moreover, if the evidence presented is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment.  *Anderson*, 477 U.S. at 249-50 (citations omitted).  In most civil cases involving summary judgment, the court must decide "whether reasonable jurors could find by a preponderance of the evidence that the [non-moving party] is entitled to a verdict." *Id*. at 252.  However, if the non-moving party faces a heightened burden of proof, such as clear and convincing evidence, it must show that it can produce evidence which, if believed, will meet the higher standard.  *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989).

Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmover.  The nonmoving party may not simply rely on its pleadings, but must "produce evidence that results in a conflict of material fact to be solved by a jury."  *Cox v. Kentucky Dep't of Transp.*, 53 F.3d 146,

3

149 (6th Cir. 1995).  FED. R. CIV. P. 56(e) states:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

The Federal Rules identify the penalty for the lack of such a response by the nonmoving party as an automatic grant of summary judgment, where otherwise appropriate.  *Id.*

Though parties must produce evidence in support of and in opposition to a motion for summary judgment, not all types of evidence are permissible.  The Sixth Circuit has concurred with the Ninth Circuit that "'it is well settled that only admissible evidence may be considered by the trial court in ruling on a motion for summary judgment.'"  *Wiley v. United States*, 20 F.3d 222, 225-26 (6th Cir. 1994) (quoting *Beyene v. Coleman Sec. Servs., Inc.*, 854 F.2d 1179, 1181 (9th Cir. 1988)).  FED. R. CIV. P. 56(e) also has certain, more specific requirements:

> [Rule 56(e)] requires that affidavits used for summary judgment purposes be made on the basis of personal knowledge, set forth admissible evidence, and show that the affiant is competent to testify.  Rule 56(e) further requires the party to attach sworn or certified copies to all documents referred to in the affidavit.  Furthermore, hearsay evidence cannot be considered on a motion for summary judgment.

*Wiley*, 20 F.3d at 225-26 (citations omitted).  However, evidence not meeting this standard may be considered by the district court unless the opposing party affirmatively raises the issue of the defect.

> If a party fails to object before the district court to the affidavits or evidentiary materials submitted by the other party in support of its position on summary judgment, any objections to the district court's consideration of such materials are deemed to have been waived, and [the Sixth Circuit] will review such objections only to avoid a gross miscarriage of justice.

*Id*. at 226 (citations omitted).

4

As a general matter, the district judge considering a motion for summary judgment is to examine "[o]nly disputes over facts that might affect the outcome of the suit under governing law." *Anderson*, 477 U.S. at 248. The court will not consider non-material facts, nor will it weigh material evidence to determine the truth of the matter. *Id.* at 249. The judge's sole function is to determine whether there is a genuine factual issue for trial; this does not exist unless "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.*

In sum, proper summary judgment analysis entails "the threshold inquiry of determining whether there is the need for a trial--whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250. It is with this standard in mind that the instant Motions must be decided.

### III. DISCUSSION

There is no dispute that Moore Wallace is an "employer" as defined by the FMLA, and that Plaintiff was an "eligible employee" under the Act. Further, Plaintiff has alleged, and Moore Wallace has agreed, that RAS and Moore Wallace had a "joint employment" relationship as defined by 29 C.F.R. § 825.106. (ECF # 1, Compl. at ¶ 7; ECF # 23 at 2.) Section 825.106 is a Department of Labor regulation that allocates responsibility for compliance with the FMLA where, as here, a joint employment relationship exists.

Subsection (c) of 29 C.F.R. § 825.106 provides that:

(c) In joint employment relationships, only the primary employer is responsible for giving required notices to its employees, providing FMLA leave, and maintenance of health benefits. Factors considered in determining which is the "primary" employer include

5

>authority/responsibility to hire and fire, assign/place the employee, make payroll, and provide employment benefits. For employees of temporary help or leasing agencies, for example, the placement agency most commonly would be the primary employer.

*Id.*  The regulation further provides how job restoration should be handled in this context. In particular, subsection (e) of 29 C.F.R. § 825.106 states:

>(e) Job restoration is the primary responsibility of the primary employer. The secondary employer is responsible for accepting the employee returning from FMLA leave in place of the replacement employee if the secondary employer continues to utilize an employee from the temporary or leasing agency, and the agency chooses to place the employee with the secondary employer. A secondary employer is also responsible for compliance with the prohibited acts provisions with respect to its temporary/leased employees, whether or not the secondary employer is covered by FMLA (see § 825.220(a)). The prohibited acts include prohibitions against interfering with an employee's attempt to exercise rights under the Act, or discharging or discriminating against an employee for opposing a practice which is unlawful under FMLA. A covered secondary employer will be responsible for compliance with all the provisions of the FMLA with respect to its regular, permanent workforce.

*Id.*  Hence, according to the regulation, the secondary employer is only responsible for accepting the employee back to work if it continues to use an employee from the agency, and the agency chooses to place the employee there. *See id.*

Applying that regulation to the circumstances of this case, Moore Wallace, as the secondary employer, would have been responsible for accepting Plaintiff back to work if RAS had opted to place Plaintiff there. There is no dispute that, following Plaintiff's release to return to work, RAS did not contact Moore Wallace with regard to reinstating Plaintiff. Indeed, Plaintiff and Moore Wallace have stipulated that, at no time after Plaintiff had been released to return to work, "did RAS contact [Moore Wallace] to notify it that [P]laintiff had been cleared to return to work without restriction, nor did RAS attempt to place Plaintiff to work at the [Moore Wallace] facility." (ECF # 23, Joint Stip. of Fact at ¶

6

15.) Therefore, under the relevant law, Moore Wallace had no obligation to reinstate Plaintiff, and its actions were not in violation of the FMLA.

In opposing Moore Wallace's Motion and in support of her own Motion for Summary Judgment, however, Plaintiff argues that 29 C.F.R. § 825.106 is invalid. (ECF # 25 at 2.) Specifically, Plaintiff contends that, because the provisions governing joint employment are "contrary to the plain language of the FMLA and usurp the right of Congress to create exceptions to the leave and reinstatement requirements of the FMLA," the regulation is invalid and unenforceable. (*Id.*) Plaintiff points out that the FMLA does not have any language addressing the joint employment relationship, nor does it distinguish between primary and secondary employers. (*Id.* at 10.) According to Plaintiff, because the plain language of the FMLA simply requires that any covered employer must provide leave and reinstatement to its eligible employees, she is entitled to reinstatement by Moore Wallace. (*Id.* at 10-11.)

The Court finds Plaintiff's argument to be without merit. The plain language of the FMLA provides that no employee will be entitled to any position to which the employee would not have been entitled had leave not been taken. *See* 29 U.S.C. § 2614(a)(3). As set forth above, there is no dispute that Plaintiff was an employee leased from RAS to Moore Wallace. Plaintiff's insistence that Moore Wallace reinstate her directly, regardless of the consent of RAS, would require that Moore Wallace hire her as a direct employee, thereby creating an employment relationship that did not exist prior to Plaintiff taking leave. In sum, requiring Moore Wallace to reinstate Plaintiff on its own is contrary to the plain language of the statute. Furthermore, the Court finds that 29 C.F.R. § 825.106 is entitled to deference, given that it is consistent with the FMLA and necessary to carry out its purposes. *See*

*Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 844 (1984).

Based on the foregoing, the Court finds 29 C.F.R. § 825.106 to be valid, enforceable and applicable to the instant case.  Consistent with that finding, the Court holds that, based upon the facts of this case, Moore Wallace had no obligation to reinstate Plaintiff, and it is thus entitled to summary judgment on Count I of the Complaint.

### IV. CONCLUSION

For the reasons set forth above, the Motion for Summary Judgment filed by Defendant Moore Wallace is GRANTED (ECF # 23) and the cross-Motion for Partial Summary Judgment filed by Plaintiff is DENIED (ECF # 25).  There being no remaining claims against Moore Wallace, that party is hereby DISMISSED from this action.  This case shall proceed to trial on Counts I and II of Plaintiff's Complaint as against Defendant RAS at 8:30 a.m. on September 5, 2007.

IT IS SO ORDERED.

 *s/ Donald C. Nugent*
 DONALD C. NUGENT
 United States District Judge

DATED: May 2, 2007